FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA T.,<br><br>            Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | NO: 2:20-CV-00086-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 13 and 15. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney Chad L. Hatfield. The Defendant is represented by Special Assistant United States Attorney Frederick Fripps. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 13, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 15.

ORDER ~ 1

# JURISDICTION

Plaintiff Angela T.[1] filed for supplemental security income and disability insurance benefits on February 2, 2017, alleging an onset date of September 21, 2016. Tr. 232-47. Benefits were denied initially, Tr. 152-55, and upon reconsideration, Tr. 157-62. A hearing before an administrative law judge ("ALJ") was conducted on September 11, 2018, and a subsequent hearing was conducted on January 2, 2019. Tr. 41-90. Plaintiff was represented by counsel at the second hearing, and testified at both hearings. *Id*. The ALJ denied benefits, Tr. 14-34, and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 44 years old at the time of the second hearing. Tr. 61. She has a GED. Tr. 285. Plaintiff testified that she lives with her boyfriend. Tr. 61. Plaintiff has work history as a cook, server, and caregiver. Tr. 65-67, 83-84. Plaintiff testified that she stopped working because she was emotional, she

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial.

ORDER ~ 2

dropped things, she had severe pain in her hands and lower back, and she couldn't lift things.  Tr. 65-66, 78.

Plaintiff reported the she can only stand for three to four minutes before her back starts hurting, she can only sit for a couple of minutes before she has to change positions, and she can use her hands for 15 to 20 minutes before she gets shooting pains in her arms.  Tr. 68-69, 77-78.  She wears braces on both hands and is "super sensitive" in the palms of her hands.  Tr. 69-70.  Plaintiff testified that she has constant pain in her lower back, and once a week she wakes up in so much pain that she cannot do anything for the whole day.  Tr. 73, 76.

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

ORDER ~ 3

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## DISCUSSION

**A. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id*. If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d

ORDER ~ 4

1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff argues the ALJ erroneously considered the opinions of treating physician Deborah Montowski, M.D., examining psychologist Clark D. Ashworth, Ph.D., and Gordon Hale, M.D. ECF No. 13 at 10-17.

    *1. Deborah Montowski, M.D.*

In February 2017, treating physician Deborah Montowski, M.D. opined that Plaintiff was unable to work full time because of back pain, and was "not able to work [an] 8 hour day without taking [] at least 4 breaks a day to lay down and rest." Tr. 401. Further, Dr. Montowski opined that Plaintiff "often has to lay down and relax during shift"; she can walk two city blocks without rest or significant pain; she can sit one to two hours in an 8-hour workday; she can stand/walk three to four hours in an 8-hour workday; she will need to take four unscheduled breaks for 15-30 minutes at a time during an 8-hour workday; she can lift less than ten pounds frequently and ten pounds occasionally; and her

ORDER ~ 5

impairments would result in absenteeism once or twice a month from a competitive job. Tr. 412-13. In December 2018, Dr. Montowski opined that Plaintiff has to lie down during the day for thirty minutes due to back pain; she would miss four or more days of work per month if she attempted to work a 40-hour per week schedule; and she would likely be off-task 12-20% of the time during a 40-hour workweek. Tr. 632-33. Dr. Montowski additionally noted that these limitations have existed since at least 2005. Tr. 633.

The ALJ considered all of these opinions jointly, and gave them little weight because "Dr. Montowski indicated that [Plaintiff] had had these limitations since 2005, but there is no evidence she was treating [Plaintiff] prior to 2017. Her assessments are also extreme and appeared to be based on [Plaintiff's] subjective endorsements." Tr. 25. As an initial matter, Plaintiff argues that the ALJ's "summary rejection cannot be deemed specific and legitimate." ECF No. 13 at 12. The Court agrees. When explaining his reasons for rejecting medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

Here, the ALJ gave little weight to Dr. Montowski's treating opinions for two conclusory reasons. First, the ALJ noted that Dr. Montowski indicated

ORDER ~ 6

1  Plaintiff's limitations have existed since at least 2005, "but there is no evidence she
2  was treating [Plaintiff] prior to 2017." Tr. 25.  In weighing medical opinions, the
3  ALJ properly considers factors including the "length of the treatment relationship
4  and the frequency of examination," and the "nature and extent of the treatment
5  relationship." 20 C.F.R. § 416.927(c).  However, Plaintiff's alleged onset date of
6  disability in both applications is September 2016.  Tr. 17.  Thus, as noted by
7  Plaintiff, Dr. Montowski's opinions "are within the relevant time period and
8  clearly reflect[] a current assessment of [Plaintiff's] functional limitations." ECF
9  No. 13 at 12 (also noting that the 2005 date is reflected in Dr. Montowski's
10 treatment records as the date of Plaintiff's original work-related injury).  Moreover,
11 the ALJ offers no explanation as to why Dr. Montowski's ongoing treatment of
12 Plaintiff during the relevant adjudicatory period, and her notation that Plaintiff's
13 claimed limitations had existed since 2005, was substantial evidence to support
14 discounting Dr. Montowski's treating opinions.  *See Reddick*, 157 F.3d at 725;
15 *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (a court "cannot
16 substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for
17 the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ
18 must provide some reasoning in order for [the court] to meaningfully determine
19 whether the ALJ's conclusions were supported by substantial evidence.").  For all
20 of these reasons, this was not a specific and legitimate reason to discount Dr.
21 Montowski's opinions.

ORDER ~ 7

1       Second, the ALJ noted that Dr. Montowski's assessments were "extreme and

2 appeared to be based on [Plaintiff's] subjective endorsements." Tr. 25. An ALJ

3 may reject a physician's opinion if it is based "to a large extent" on Plaintiff's self-

4 reports that have been properly discounted as not credible. *Tommasetti v. Astrue*,

5 533 F.3d 1035, 1041 (9th Cir. 2008). However, as noted above, the ALJ failed to

6 properly summarize and interpret the objective findings and Dr. Montowski's

7 clinical findings; nor did he "set forth his own interpretations and explain why

8 they, rather than the doctors', are correct." Tr. 25; *see Reddick*, 157 F.3d at 725.

9 Specifically, the ALJ failed to consider objective testing, reflected in Dr.

10 Montowski's treatment notes, including: MRI findings of degenerative changes of

11 the spine with moderate disc degeneration with annular disc bulge, mild central

12 canal stenosis, mild effacement of the left traversing L5 nerve root, and mild right

13 and moderate left neural foraminal stenosis with left far lateral disc bulge

14 contacting the left exiting L4 nerve root; recurrent bilateral carpal tunnel

15 syndrome; positive Tinel's bilaterally and positive median nerve compression test

16 at the wrist; and 2017 nerve conduction studies showing bilateral mild median

17 mononeuropathy. *See* Tr. 445-46, 579, 581, 602. The ALJ also failed to

18 summarize and interpret Dr. Montowski's treatment notes, including her

19 examination findings of severe tenderness to palpation of Plaintiff's back, pain on

20 range of motion, and observations of discomfort and "standing up shifting

21 positions frequently," Tr. 448, 458, 598, 620.

ORDER ~ 8

Neither the ALJ, nor the Defendant, offers any evidence that Dr. Montowski relied "to a large extent" on Plaintiff's subjective complaints as opposed to the clinical findings and objective test results referenced in her treatment notes. Moreover, as discussed below, the ALJ arguably failed to provide legally sufficient reasons for rejecting Plaintiff's symptom complaints. Thus, this was not a specific and legitimate reason, supported by substantial evidence, for the ALJ to reject Dr. Montowski's treating opinion.[2]

Based on the foregoing, the Court finds the ALJ's conclusory rejection of Dr Montowski's opinion because she did not treat Plaintiff prior to 2017, and because her assessments "appeared to be based on" Plaintiff's self-reports, is not supported by substantial evidence. Dr. Montowski's opinions must be reconsidered on remand.

2. Clark D. Ashworth, Ph.D..

---

[2] Defendant additionally argues that "[i]nconsistency with findings from other providers is a valid basis to discount an opinion." ECF No. 15 at 9. However, the Court is not permitted to consider this reasoning because it was not offered by the ALJ in the decision as a reason to reject Dr. Montowski's opinion. *See Bray*, 554 F.3d at 1226 (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

ORDER ~ 9

In May 2017, Dr. Clark D. Ashworth examined Plaintiff and found that her mental status examination "is notable for a narrative, voluble response style, dysphoric mood, concentration deficits. She does not exhibit consistent significant memory deficits. She is capable of understanding, remembering and carrying out simple work related instructions. She would have difficulty interacting in a work setting with coworkers and supervisors." Tr. 438-443. The ALJ gave Dr. Ashworth's opinion great weight because it was the "only evidence of record addressing [Plaintiff's] psychological allegations, and it is supported by [Plaintiff's] in-person examination in which she reported no significant difficulties and a wide array of activities of daily living." Tr. 25. Plaintiff argues the ALJ assigned great weight to Dr. Ashworth's opinion but "completely overlooked Dr. Ashworth's finding that [Plaintiff] would have difficulty interacting with supervisors in a work setting, as the assessed RFC only found that [Plaintiff] 'is limited to simple routine tasks with only occasional interaction with coworkers and the public.'" ECF No. 13 at 15.

Defendant acknowledges that the ALJ did not include "a specific note about supervision" in the assessed RFC, but argues that because "the ALJ gave Dr. Ashworth's opinion weight and attempted to incorporate the limitations into the [RFC] finding, the ALJ's interpretation of this opinion deserves deference." ECF No. 15 at 11. Presumably, Defendant is referencing the ALJ's assessment in the RFC that Plaintiff was limited to occasional interaction with coworkers and the

ORDER ~ 10

public. Tr. 22. However, while Defendant is correct that the ALJ "may properly translate medical opinions, even though the RFC finding does not mirror the language of their opinions," Dr. Ashworth's specific finding that Plaintiff would have difficulty interacting with supervisors was not captured in the ALJ's RFC, and no explanation was provided to justify its rejection. ECF No. 15 at 11; *see* SSR 96-8p, 1996 WL 374184 at *7 (Jul. 2, 1996).

The Court finds the ALJ erred by failing by either providing the requisite reasons to reject Dr. Ashworth's opinion that Plaintiff would have difficulty interacting with supervisors, or to specifically incorporate this limitation into the assessed RFC. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (failure to address medical opinion was reversible error); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"). Finally, the record, as it stands, does not permit the Court to conclude that the error is harmless. *Tommasetti*, 533 F.3d at 1038 (error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination). Because the hypothetical RFC posed to the vocational expert did not accurately reflect all of Plaintiff's limitations, the expert's testimony has no evidentiary value to support the ALJ's step five finding that Plaintiff can perform jobs in the national economy. *Robbins*, 466 F.3d at 886. Accordingly, and particularly in light of the need to remand for reconsideration of Dr. Montowski's treating opinion, as discussed above, the ALJ should reconsider Dr. Ashworth's

ORDER ~ 11

examining opinion on remand, along with the subsequent steps of the sequential analysis.

### 3. Gordon Hale, M.D.

Dr. Gordon Hale, state agency medical consultant, reviewed the record in July 2017 and, as noted by the ALJ, opined that Plaintiff "retained a light level [RFC] with postural, manipulative, and environmental limitations." Tr. 25, 129-31, 142-44. The ALJ gave substantial weight to Dr. Hale's "early record reviewing assessments because evidence obtained since (July 2017) does not warrant any significant changes and has only served to reaffirm it." Tr. 25. However, in light of the need to reconsider both the treating and examining medical opinions from relevant adjudicatory period, as discussed above, the ALJ should also reevaluate Dr. Hale's reviewing opinion on remand.

### B. Additional Assignments of Error

Plaintiff additionally challenges the ALJ's consideration of Plaintiff's symptom claims, and the step five finding. ECF No. 13 at 17-20. As to the rejection of her symptom claims, Plaintiff alleges the ALJ erred in finding (1) that Plaintiff was employed as a part-time caregiver at the time of the hearing; and (2) there was no "significant clinical or objective evidence" to support the severity of the physical and mental health impairments claimed by Plaintiff, and she had not required any "significant treatment" for her claimed impairments. ECF No. 13 at 18-20; Tr. 23-25.

ORDER ~ 12

First, the ability to work can be considered in assessing Plaintiff's symptom claims. *Bray*, 554 F.3d at 1227; *see also* 20 C.F.R. § 404.1571 (employment "during any period" of claimed disability may be probative of a claimant's ability to work at the substantial gainful activity level). However, "occasional symptom-free periods – and even the sporadic ability to work – are not inconsistent with disability." *Lester*, 81 F.3d at 833); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) ("It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed,* that he did not then experience pain and limitations severe enough to preclude him from *maintaining* substantial gainful employment."). As correctly noted by Plaintiff, she did not testify that she was working part time at the time of the hearing; rather, she testified that her employment was below levels of substantial gainful activity, she was accommodated by her employer and required breaks to get through a five-hour shift, and her employment ended due to excessive pain and inability to use her hands and wrists. ECF No. 13 at 19 (citing Tr. 66-67, 74-77). The ALJ failed to properly consider Plaintiff's testimony regarding her work during the relevant adjudicatory period; thus, the ALJ's finding is not supported by substantial evidence.

Second, medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, it is well-settled in the Ninth Circuit that an ALJ may

ORDER ~ 13

not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Moreover, because the analysis of Plaintiff's symptom claims is largely dependent on the ALJ's evaluation of the medical evidence, including objective tests and clinical findings referenced in the treating and examining opinions that were improperly rejected by the ALJ, the Court declines to address this challenge in detail here. *See, e.g.,* Tr. 438-42 (clinical findings and mental status examination from mental health provider), 632 (MRI results and physical therapy treatment records). On remand, the ALJ is instructed to reconsider Plaintiff's symptom claims and conduct a new sequential analysis, including a reassessment of the step five finding.

## CONCLUSION

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a

ORDER ~ 14

1  district court may abuse its discretion not to remand for benefits when all of these

2  conditions are met).  This policy is based on the "need to expedite disability

3  claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that

4  must be resolved before a determination can be made, and it is not clear from the

5  record that the ALJ would be required to find a claimant disabled if all the

6  evidence were properly evaluated, remand is appropriate.  *See Benecke v.*

7  *Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172,

8  1179-80 (9th Cir. 2000).

9        The Court finds that further administrative proceedings are appropriate.  *See*

10 *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014)

11 (remand for benefits is not appropriate when further administrative proceedings

12 would serve a useful purpose).  Here, the ALJ improperly considered the medical

13 opinion evidence, which calls into question whether the assessed RFC, and resulting

14 hypothetical propounded to the vocational expert, are supported by substantial

15 evidence.  "Where," as here, "there is conflicting evidence, and not all essential

16 factual issues have been resolved, a remand for an award of benefits is

17 inappropriate." *Treichler*, 775 F.3d at 1101.  Instead, the Court remands this case

18 for further proceedings.  On remand, the ALJ should reconsider the medical opinion

19 evidence, and provide legally sufficient reasons for evaluating the opinions,

20 supported by substantial evidence.  If necessary, the ALJ should order additional

21 consultative examinations and, if appropriate, take additional testimony from a

ORDER ~ 15

medical expert. In addition, the ALJ should reconsider Plaintiff's symptom claims, the remaining steps in the sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** March 25, 2021.

Stanley A. Bastian
Chief United States District Judge

ORDER ~ 16